# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 50213 | **DATE** | 11/16/2007 |
| **CASE TITLE** | Njos vs. Rockford Health System | | |

**DOCKET ENTRY TEXT:**

Plaintiff shall file amended jurisdictional allegations on or before 11/30/07 alleging the citizenship of plaintiff, the citizenship (including both the state of incorporation and principal place of business of Rockford Health System and Rockford Memorial Hospital) and the citizenship (not residence) of Escarza and Casavant or this case will be dismissed for lack of subject matter jurisdiction.

■[ For further details see text below.]

Electronic Notices

## STATEMENT

On 10/31/07 the court ordered plaintiff to file amended jurisdictional allegations. The original complaint had not alleged the principal place of business of the corporate defendants. For purposes of determining whether the court has subject matter jurisdiction based on diversity of citizenship, a corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332 (c) (1). The court has an independent obligation to ensure that it has subject matter jurisdiction. Camico Mutual Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007).

Plaintiff filed an amended complaint in which she pleads the corporate defendants' "primary" rather than "principal" place of business. "Principal place of business" is the statutory language and has a specific meaning in the controlling cases. See Lear Corp. v. Johnson Electric Holdings Ltd., 353 F.3d 580, 582 (7th Cir. 2003) ("with its principal place of business (which is to say its corporate headquarters) in China."). Plaintiff needs to plead the principal place of business of the defendant corporations.

In the original complaint, plaintiff pled that defendants Escarza and Casavant were citizens of Illinois. In the amended complaint she alleges they are "residents" of Illinois. "Citizenship" and "residence" are not synonyms. Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002). Citizenship must be pled. An individual's citizenship is determined by his domicile, which requires physical presence and an intent to remain there. Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). Changing the allegations from "citizen" to "resident" begs the question whether plaintiff has discovered Escarza and Casavant are not citizens of Illinois merely residents.

Plaintiff shall file amended jurisdictional allegations on or before 11/30/07 alleging the citizenship of plaintiff, the citizenship (including both the state of incorporation and principal place of business of Rockford Health System and Rockford Memorial Hospital) and the citizenship (not residence) of Escarza and Casavant. or this case will be dismissed for lack of subject matter jurisdiction.