IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

SANDRA NJOS,
    *Plaintiff,*

vs.

NO.  07 C 50213

ROCKFORD HEALTH SYSTEM, an Illinois
not-for-profit Corporation, ROCKFORD
MEMORIAL HOSPITAL, an Illinois
not-for-profit Corporation, ROBERT
ESCARZA, M.D., & RHONDA CASAVANT, R.N.
    *Defendants.*

## QUALIFIED PROTECTIVE ORDER

This cause coming on to be heard on Motion of the Defendants, ROCKFORD HEALTH SYSTEM, ROCKFORD MEMORIAL HOSPITAL, ROBERT ESCARZA, M.D., and RHONDA CASAVANT, for entry of the Qualified Protective Order, due notice having been given and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED THAT:**

(1)    The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to the Plaintiff, SANDRA NJOS, to the extent and subject of the conditions outlined herein.

(2)    For the purposes of the Qualified Protective Order, "PHI" or Protected Health Information" shall have the same scope and definition as set forth in 45 CSR 160.103 and 160.501.  Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present or future physical condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3)    All "covered entities" (as defined by 45 CSR 160.103) are hereby authorized to disclose PHI pertaining to the Plaintiff, SANDRA NJOS, to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4)    The parties and their attorneys shall be permitted to use the PHI of the Plaintiff, SANDRA NJOS, in any manner that is reasonably connected with the above-captioned litigation.  This includes, but is not limited to, disclosure to the parties, their

attorneys of record, the attorneys from the parties insurers, (i.e., attorneys, support staff, agents, and consultants), experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5)    At the conclusion of the litigation, which shall be defined as the point at which final orders disposing of the entire case has been entered, or at the time at which all trial and appellate proceedings have been exhausted, any person or entity in possession of PHI pertaining to the Plaintiff, SANDRA NJOS, (other than the person or entity that generated the PHI) shall destroy any and all copies of said PHI in their possession. *Plaintiff's counsel shall be exempt from this requirement.*

(6)    This Order shall not control or limit the use of PHI pertaining to the Plaintiff, SANDRA NJOS, but comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 CSR 160.103).

(7)    This Order shall not permit the disclosure of any records concerning psychological, psychiatric, drug, alcohol, HIV/AIDS, or substance abuse treatment.

DATED: November _2/_ , 2007

ENTER:

_[signature]_
Judge

Agreed by,

_[signature]_ for TT

GUMMERSON & RAUSCH, LLC
Attorneys for Defendants
101 S. Benton Street, Suite 201
Woodstock, IL 60098
(815) 337-7700
#2290820